IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAVIER HARO**                                                                                             **PETITIONER**

**V.**                                                **CIVIL ACTION NO. 3:19CV514 KHJ-LGI**

**WARDEN DAVID PAUL**                                                     **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Javier Haro's petition for habeas relief under 28 U.S.C. § 2241. In the instant petition, Haro seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of his conviction for felon in possession of a firearm based on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). Because Petitioner fails to satisfy the savings clause of 28 U.S.C. § 2255 (e), Respondent moves to dismiss the petition for lack of jurisdiction.[1]

At the time of filing, Petitioner was incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Respondent advises that Petitioner was

---

[1] A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yuseff*, 218 F. 3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted). However, if a prisoner can show that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255 (e). *See Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States,* 243 F.3d 893 at 904.

released from custody in November 2020. However, the docket reflects that he has not provided this Court with a current address since his release from the custody of the Bureau of Prisons ("BOP") and his mail has been returned as undeliverable since December 28, 2020. In addition, Petitioner has not communicated with this Court since filing his petition in 2019, nor has he responded or otherwise disputed Respondent's assertion that his § 2241 petition should be dismissed for lack of jurisdiction, which is well-taken for the reasons set forth in the Motion to Dismiss. Rather, Petitioner voluntarily withdrew his § 2255 Motion to Vacate, Set Aside, or Correct Sentence based on *Rehaif* in the district of his conviction on January 14, 2020. *See Haro v. United States*, 1:15cr351-DAD-SKO-1 (E.D. Cal. Jan. 14, 2020).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (citing *Lewis*, 494 U.S. at 477–78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10CV160-DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011), *report and recommendation adopted,* No. 5:10-CV-160-DCB-JMR, 2011 WL 2712552 (S.D. Miss. July 8, 2011)

(quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)).  A petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7.  Thus, "[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody.  Even if Petitioner could establish an ongoing "case or controversy" post-release, he has not demonstrated that his § 2241 petition should not be dismissed for lack of jurisdiction for the reasons asserted in Respondent's Motion to Dismiss.

Finally, because Petitioner has not submitted a current address to the Clerk since his release nor communicated with the Court since filing his petition, his Petition is also subject to dismissal for want of prosecution and failure to comply with the Local Rules. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).  Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.  "Every attorney and every

litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Grp.*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).

Given Petitioner's withdrawal of his § 2255 motion in the district of his conviction, his failure to reply to Respondent's Motion to Dismiss his § 2244 petition, and his failure to maintain a current address with the clerk of the court since his release from custody, it is clear that Petitioner has lost interest in pursuing his claims for relief. For all the reasons asserted, the undersigned recommends that the instant petition be dismissed as moot and for lack of jurisdiction. Alternatively, if Petitioner files a timely objection to this Report and Recommendation, providing a current address and demonstrating why his claims are not moot or are otherwise viable, the Court should consider same.[2]

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being

---

[2] The undersigned is mindful of the futility in providing Petitioner an opportunity to notify the Court of collateral consequences, given that the Court is unable to notify him of such because he has failed to maintain a current address with the Court. Nevertheless, Petitioner should be afforded the opportunity should he file a timely objection to this report and recommendation.

served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, , except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on October 4, 2021.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE
